THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES E. KNISELY, Appellant.— Judgment of conviction unanimously affirmed. Memorandum: While we affirm the judgment of conviction, we direct attention to serious errors in the conduct of the trial, which should be avoided by the District Attorney and the trial court in the future. The defendant-appellant was tried jointly with three others on a charge of burglary. Each of the four defendants had made a separate confession in writing. Upon the trial, all four confessions were received in evidence as against all the defendants, without any instructions to the jury by the trial court limiting the effect of the evidence received. The confession by each defendant was, of course, hearsay as to the other defendants and the court should have made it clear when the confessions were received that each confession was received only as against the person making it and that the jury was not to give any consideration to it in deciding the guilt or innocence of the other defendants (*People* v. *Marshall,* 306 N. Y. 223; *Paoli* v. *United States,* 352 U. S. 232; *People* v. *Lombard,* 4 A D 2d 666). The omission of such instruction was a fundamental error and, despite the failure of the defendant-appellant's attorney to object, we might have felt that it was our duty to reverse the judgment in the interests of justice under section 527 of the Code of Criminal Procedure, were it not for the fact that the confessions of the codefendants added little to the confession

of the appellant himself and did not implicate the appellant to any greater extent than he had been implicated by his own confession. The Assistant District Attorney also acted improperly in announcing in the presence of the jury that he had "no objection to the jury's taking [the exhibits] to the jury room if * * * counsel for the defendants have no objection". This statement was wholly improper (Code Crim. Pro., § 425; *People* v. *Snyder*, 297 N. Y. 81, 93; *People* v. *Kenda*, 3 A D 2d 80, 85–86; *People* v. *Brown*, 2 A D 2d 202). However, the trial court promptly corrected the Assistant District Attorney's statement and, under the circumstances, we do not find that the error was so prejudicial as to warrant a reversal. The judgment of conviction is affirmed under section 542 of the Code of Criminal Procedure. (Appeal from judgment of Oneida County Court convicting defendant of the crime of burglary, second degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.